**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| JOHN RANDALL FUTCH, | § | |
| Petitioner, | § | |
| V. | § | |
| | § | |
| WARDEN C. NASH, | § | A-15-CV-00881-LY-ML |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner John Randall Futch's Petition for Writ of Habeas Corpus [Dkt. #1], Motion to Supplement [Dkt. #4], and Supplement to Petition for Writ of Habeas Corpus [Dkt. #9].  The Motion to Supplement [Dkt. #4] was granted by text order on October 14, 2015, and the Magistrate Court will also consider the second Supplement to Petition for Writ of Habeas Corpus [Dkt. #9] on its merits.

The Petition and related motions and filings were referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.  After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

**I.    BACKGROUND**

In 2003, Petitioner John Randall Futch was convicted in the United States District Court for the Southern District of Georgia in two separate federal cases:  *United States v. Futch et al.*, No. 4:02-cr-0188 (Feb. 23, 2003), a drug trafficking case; and *United States v. Futch et al.*, 4:02-

1

cr-0232 (S.D. Ga., Feb. 19, 2003) a mail fraud case.  His sentence in each of the federal cases was calculated, in part, on a base offense level that included a prior felony conviction in Georgia state court for criminal damage to property .  Futch timely pursued direct appeals of his federal convictions and filed motions for relief under 28 U.S.C. § 2255 in both of his federal cases.  On May 9, 2005, after Petitioner's federal convictions and sentences were affirmed on appeal and his initial Section 2255 motions were denied, the Georgia Supreme Court vacated his state felony conviction for criminal damage to property.  *State of Georgia v. John Randall Futch*, 612 S.E. 2d 796 (Georgia, 2005).  Because that state felony conviction had factored into the criminal history used to calculate his federal sentences, Petitioner filed a second motion for Section 2255 relief as to the calculation of his sentence in the drug case.  *Futch v. United States of America*, 4:05-CV-00053 (S.D. Ga. August 10, 2005).  The court granted relief.  *Id.*  Specifically, Futch's drug sentence was reduced from 240 months (4:02-cr-285 (S.D. Ga. February 21, 2003)) to 215 months (4:02-cr-285 (S.D. Ga. June 26, 2006)).

Futch, however, did not move for any recalculation of his sentence in the mail fraud case until 2011.  Orig. Pet. [Dkt. #1] at 2.  Futch contends he was unaware the sentence reduction did not apply to both the drug case and the mail fraud case until a 2011 review of his "PSI."  *Id.*  On December 27, 2011, he sought a Certificate of Appealability (COA) before the Southern District of Georgia regarding a second motion for relief under Section 2255 as to the mail fraud sentence, *see Futch v. United States*, No. 15-10360-F (11th Cir. July 27, 2015), slip op. at 2. He also sought relief from the Northern District of Georgia on the same issue under 28 U.S.C. § 2241 (via the Section 2255(e) "savings clause").  *Futch v. Drew,* 14-cv-277 (N.D. Ga. Apr. 26, 2014).

The Section 2241 petition was dismissed without prejudice in light of the pending Section 2255 motion.  *Id.*  The Eleventh Circuit reviewed Petitioner's Section 2255 motion,

affirmed a finding that the petition was time barred, and denied Futch a COA on this issue. Specifically, the justices noted there was no basis for equitable tolling on the record, particularly in light of the fact that Futch "timely and successfully moved to reduce his sentence in the drug-trafficking case based on the vacated 1993 conviction . . .." *Futch v. United States¸* No. 15-10360-F (11th Cir. July 27, 2015) (slip op. at 2).

Futch, now a Texas inmate, attempts to revive the Section 2241 claim previously dismissed without prejudice. He contends the relief afforded by Section 2255 is inadequate and ineffective in his circumstances.

## II.     STANDARD OF REVIEW

As a threshold matter, the Magistrate Court must determine whether Petitioner's claims are properly raised in a Section 2241 habeas petition. A collateral attack on a federal criminal conviction is generally limited to a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). An application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a Section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877-78. However, under the "savings clause" provision of Section 2255, habeas relief may be appropriate when the remedy provided under Section 2255 is inadequate or ineffective. *Jeffers v. Chandler*, 234 F.3d 277, 280-81 (5th Cir. 2001). A Section 2241 petition is not, however, a substitute for a motion under Section 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of Section 2255 rests on the petitioner. *Id.*

A petitioner must satisfy two factors to show inadequacy or ineffectiveness. First, his claims must be based on a retroactively applicable Supreme Court decision establishing he may have been convicted of a nonexistent offense. *Wesson v. United States Penitentiary*, 305 F.3d

343, 347 (5th Cir. 2002) (*citing Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)). Second, petitioner must show his claims were foreclosed by circuit law at the time the claims should have been raised in his trial, appeal, or first Section 2255 motion. *Id*. Section 2255 is not inadequate or ineffective merely because petitioner has previously been denied relief under that section. *Jeffers*, 253 F.3d at 830. Nor does the inability to meet the AEDPA's second or successive requirement render section 2255 inadequate or ineffective. *Id*. Further, the fact that Section 2255 relief is no longer available to petitioner because of the one-year statute of limitations does not make the remedy inadequate or ineffective. *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

### III.   ANALYSIS

In this case, Petitioner has failed to meet the standards for relief outlined above. In particular, he has not shown that his claims were foreclosed by circuit law at the time they should have been raised. On the contrary, he timely raised an identical Section 2255 challenge to the calculation of his federal drug sentence based on the vacatur of his state law conviction and won a substantial sentence recalculation as a result. *Futch v. United States of America*, 4:05-CV-00053 (S.D. Ga. August 10, 2005). Regardless of why Petitioner failed to make the same argument with respect to his mail fraud sentence, the fact remains that he was aware of the basis of the claim, was not foreclosed from timely making the claim by federal law, and did not in fact make this claim until 2011, well after the statute of limitations had run. On the same record now presented to this Court, the Eleventh Circuit found Petitioner's substantively identical Section 2255 claim for sentence recalculation time-barred and denied him a COA on this issue. Petitioner cannot avoid the substantive effect of this ruling by reframing the same challenge as a Section 2241 petition in Texas. *Jeffers*, 234 F.3d at 280-81. Petitioner has not established a

Section 2241 remedy is necessary because of any inadequacy in the remedies afforded by Section 2255, and therefore his Section 2241 petition should be denied.

## IV.   RECOMMENDATIONS

Petitioner's filings, along with the public record of earlier proceedings in the Eleventh Circuit, reveal no inadequacy or unavailability of relief under Section 2255 that would justify savings-clause relief under Section 2241.  On the contrary, Petitioner's substantively identical Section 2255 claim that has already been adjudicated on the merits and reviewed by the appellate court sitting in the jurisdiction where he was originally sentenced.  That Petitioner's claim was found to be time-barred does not entitle him to consideration under Section 2241.  Therefore, the Magistrate Court RECOMMENDS the petition be DENIED.

## V.   OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140, 150-53, 106

S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED January 5, 2016

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE